

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed July 11, 2006

United States Bankruptcy Judge

___

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| HSM KENNEWICK, L.P. § | Case No. 06-30900-HDH-11 |
| § | |
| Debtor § | |
| § | |
| § | |
| § | |

## MEMORANDUM OPINION REGARDING
## EMERGENCY MOTION FOR SANCTIONS FOR
## WILLFUL VIOLATION OF THE AUTOMATIC STAY

HSM-Kennewick, LP ("HSM") filed a voluntary Chapter 11 petition on March 3, 2006. HSM and WO Kenneywick, LLC ("WOK") comprise the entire membership of The Orchard at Hansen Park, LLC ("Orchard").

At issue in this contested matter is whether section 362 of the Bankruptcy Code, the automatic stay provision, prohibits WOK's filing of a receivership action against Orchard.

After consideration, the Court determines that the automatic stay does not prohibit a state court receivership action against Orchard in which the debtor, HSM, is only a member. Accordingly, HSM's Motion will be **DENIED**.

## SUMMARY OF FACTS

In June 2003, HSM and WOK organized and entered into a limited liability company agreement under Washington State law. The new company, Orchard, was created "to acquire, own, hold, maintain, and operate a 212-unit apartment complex" located in Kennewick, Washington. (See Orchard Operating Agreement Art. 2.2). HSM and WOK were the only members of Orchard with HSM controlling 90% and WOK controlling 10% of the equity.

Orchard's obligations include a secured debt to U.S. Bank of more than $11 million and "mezzanine debt" of approximately $2.4 million owed to GDW. The U.S. Bank note has a maturity date of June 30, 2006. The mezzanine debt is secured by the LLC membership interest of HSM and WOK in Orchard. Due to a downturn of economic conditions in the area, the property was not meeting financial expectations and the original investors have not received any returns on their investment. Over the past three years, WOK infused additional capital into Orchard to keep up with debt service requirements. In early spring of 2006, HSM purportedly removed WOK as manager of Orchard.

On May 19, 2006, HSM voluntarily filed a petition on behalf of Orchard seeking protection under Chapter 11 of the United States Bankruptcy Code. That filing was dismissed by this Court on June 13, 2006, because HSM did not have the requisite corporate authority. Immediately after that

ruling, on June 14, 2006, WOK filed the receivership action against Orchard in Washington state court. HSM contends that WOK's filing of the receivership action constitutes a willful violation of the automatic stay provisions under 11 U.S.C. § 362(a)(3).

## ANALYSIS

Section 362(a)(3) provides that the filing of a petition "operates as a[n] [automatic stay] applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate." 11 U.S.C. § 362(a)(3). The automatic stay is designed to protect creditors as well as debtors. Without the stay, creditors might scramble to obtain as much property of the debtor's limited estate as possible. *In re Chesnut*, 422 F.3d 298, 301 (5th Cir. 2005). The automatic stay prevents such a scramble by providing "breathing room" for a debtor and the bankruptcy court to institute an organized repayment plan. *In re Stembridge*, 394 F.3d 383, 387 (5th Cir. 2004). It also allows for the equitable disbursement of estate property among creditors. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) ("The purposes of the bankruptcy stay under 11 U.S.C. § 362 . . . [include] 'furthering equity of distribution among the creditors by forestalling a race to the courthouse.'" (quoting *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985)).

Section 362(a)(3) implements a stay of any action, whether against the debtor or third parties, that seeks to obtain or exercise control over the property of the debtor. *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1273 (5th Cir. 1983). HSM contends the automatic stay applies to WOK's filing of the receivership action as this action affects its property interest in the Orchard. WOK argues that the automatic stay does not extend far enough to protect a member in a limited liability

company from an action that would adversely affect the value of the member's interest. The question this Court must address is whether HSM's property is implicated in the receivership action. As explained below, the Court finds that it is not.

"It is an elementary principle of corporate law that a corporation and its stockholders are separate entities and that title to corporate property is vested in the corporation and not in the owners of the corporate stock." *In re Murchison,* 54 B.R. 721 (Bankr. N.D. Tex. 1985) (citing *Sun Towers, Inc. v. Heckler*, 725 F.2d 315, 318 (5th Cir.1984); *Gossett v. State*, 417 S.W.2d 730, 735 (Tex.Civ.App.--Eastland 1967, writ ref'd n.r.e.)). Even where one hundred percent of a subsidiary's stock is owned by the shareholder in question, that shareholder has not acquired, and has no property interest in, specific assets of the subsidiary. *Id.* (citing *Homan & Crimen, Inc. v. Harris*, 626 F.2d 1201 (5th Cir.1980), *cert. den.* 450 U.S. 975, 101 S. Ct. 1506, 67 L. Ed. 2d 809 (1981); *Evans v. General Insurance Company of America*, 390 S.W.2d 818, 822 (Tex Civ.App.--Dallas 1965, no writ); *Commonwealth of Massachusetts v. Davis*, 140 Tex. 398, 168 S.W.2d 216 (1943); *In re Boitnott*, 4 B.R. 119 (Bankr.W.D. Va.1980); *In re Linderman*, 20 B.R. 826, 828 (Bankr.W.D.Wash. 1982); *In re Pearl-Wick Corporation*, 26 B.R. 604, 607 (S.D.N.Y 1982)).

Washington state courts look to partnership law for guidance when determining a question involving the rights to the assets of a limited liability company. *See BP Land & Cattle, LLC v. Balcom & Moe, Inc.*, 86 P. 3d 788 (Wash. App. 2004); *Koh v. Inno-Pacific Holdings, Ltd.* 54 P.3d 1270 (Wash. App. 2002). Partners also have no interest in the individual assets of a partnership. "The interest of each partner is his share in the surplus after the partnership debts are paid, and after partnership accounts are settled and the rights of the partners inter se are adjusted." *In re*

*Murchison,* 54 B.R. at 727. Washington's Limited Liability Company Act also supports this position. See WASH. REV. CODE ANN. § 25.15.245 (1) (West 2006). Section 25.15.245(1) provides: "A limited liability company interest is personal property. A member also has no interest in specific limited liability company property." *Id*.

Accordingly, HSM, as a member of Orchard, has no property interests in specific assets of Orchard. Instead, HSM can only claim an interest to its share in the surplus after all debts are paid.

HSM argues that the automatic stay should be construed broadly to protect its membership interest in Orchard by preventing WOK from filing the receivership action. However, he automatic stay provisions of section 362(a) may not be construed more expansively than is necessary to effectuate legislative purpose. *In re Chugach Forest Products, Inc*., 23 F.3d 241, 245 (9th Cir. 1994) (quoting *In re Continental Air Lines, Inc.*, 61 Bankr. 758, 779 (S.D. Tex. 1986). "Congress intended section 362(a)(3) 'to prevent dismemberment of the estate' and to enable an 'orderly' distribution of the debtor's assets." *Id.* at 245 (quoting H.R. Rep. No. 595, 95th Cong. 1st Sess. 341 (1977)). WOK's receivership action against Orchard does not threaten to dismember HSM's bankruptcy estate or impede its reorganization proceedings. The receivership action will not affect HSM's interest, as its interest in the property will remain intact.

Interpreting section 362(a)(3) to apply the automatic stay to WOK's receivership action would construe section 362(a)(3) more expansively than the express language of the provision. The statute applies to protect debtors from actions which seek "to exercise control over the property of the debtor's estate". *In re MortgageAmerica Corp*., 714 F.2d 1266, 1273 (5th Cir. 1983). HSM does not possess an interest to specific assets or property of Orchard, as it is only a member of the LLC;

thus the automatic stay does not apply to protect it.

Therefore, the Court concludes that WOK's receivership action was not filed in violation of section 362 of the Bankruptcy Code and **DENIES** the relief requested by HSM.

###END OF MEMORANDUM OPINION###